United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Carlos Coletta, Appellant, | ) | |
| | ) | Bankruptcy Appeal |
| v. | ) | Case No. 17-23174-Civ-Scola |
| | ) | (BKC Docket No. 17-14566-LMI) |
| The Bank of New York Mellon, | ) | |
| Appellee. | ) | |

## Order Affirming Bankruptcy Court Order

Carlos Coletta, proceeding pro se, appeals the United States Bankruptcy Court for the Southern District of Florida's August 15, 2017 order granting secured creditor The Bank of New York Mellon relief from an automatic stay imposed in Coletta's bankruptcy case. (Appellant's Initial Br., ECF No. 9, 6.) After prodding from the Court, Appellee Mellon Bank responded. (Mellon Bank's Appellee Br., ECF No. 11.) Colletta did not reply and the time to do so has passed. For the following reasons, the Court **affirms** the bankruptcy court's order.

Mellon Bank, as mortgagee, proceeded to judgment in a state-court foreclosure action, in 2009, against Coletta regarding a property he owned in Hialeah, Florida. *In re Coletta*, 17-14566-LMI, ECF No. 42, 1 (Bank. S.D. Fla. July 20, 2017) (hereinafter "Bankr. R.") Six years later, in 2014, Bank Mellon eventually secured a certificate of title to the property. (*Id.* at 2.) The state court thereafter granted Bank Mellon a writ of possession, on August 15, 2016. (*Id.*)

Coletta then filed a voluntary petition under Chapter 13 of the Bankruptcy Code on April 12, 2017. In order to effectuate a writ of possession on the property and to enforce its final judgment of foreclosure, Bank Mellon, as a secured creditor, asked the bankruptcy court for relief from the automatic stay under 11 U.S.C. § 362(d). The bankruptcy court granted that relief, announcing: "The Automatic Stay imposed by 11 U.S.C. Section 362 is lifted as to Movant, and it may proceed with the foreclosure of its lien on the [Hialeah] property . . . ." (Bankr. R. ECF No. 48.)

Coletta, on appeal, complains that the bankruptcy court's granting of this relief was in error. He contends the bankruptcy court improperly left him without protection from his unsecured creditors. He also argues that the bankruptcy court erred by failing to limit its stay to only Bank Mellon. Coletta is mistaken. The bankruptcy court's order is, in fact, limited to only Bank Mellon and Bank Mellon's interest in the Hialeah property. Further, the bankruptcy court's order granting Bank Mellon relief from the stay does not

affect the protections Coletta may have from his secured creditors in his bankruptcy case.

The bankruptcy court did not err in granting Bank Mellon relief from the automatic stay. Having reviewed the parties' briefing, the relevant legal sources, and the record before it, the Court **affirms** the bankruptcy court's order. The Clerk is directed to **close** this case and **deny** any pending motions **as moot**. Further, based on the Court's order, the need for oral argument has been obviated. The hearing previously set for **January 26, 2018** is thus canceled.

**Done and ordered**, at Miami, Florida, on January 22, 2018.

Robert N. Scola, Jr.
United States District Judge

Copy to via U.S. mail to:
Carlos Coletta
6750 W 11th Court
Hialeah, FL 33012